## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE | : | CIVIL ACTION |
| FUND OF PHILADELPHIA AND VICINITY | : | |
| CARPENTERS PENSION AND ANNUITY    : | | |
| FUND OF PHILADELPHIA AND VICINITY | : | |
| CARPENTERS SAVINGS FUND OF | : | |
| PHILADELPHIA AND VICINITY | : | |
| CARPENTERS JOINT APPRENTICE COMMITTEE | : | |
| NATIONAL APPRENTICESHIP AND HEALTH | : | |
| AND SAFETY FUND | : | |
| METROPOLITAN REGIONAL COUNCIL | : | |
| OF CARPENTERS, SOUTHEASTERN | : | |
| PENNSYLVANIA, STATE OF DELAWARE AND | : | |
| EASTERN SHORE OF MARYLAND | : | |
| CARPENTERS POLITICAL ACTION | : | |
| COMMITTEE OF PHILADELPHIA AND | : | |
| VICINITY | : | |
| EDWARD CORYELL    : | | |
| 1803 Spring Garden Street | : | |
| Philadelphia, PA  19130 | : | |
| | : | |
| and | : | |
| | : | |
| INTERIOR FINISH CONTRACTORS | : | |
| ASSOCIATION OF DELAWARE VALLEY | : | |
| INDUSTRY ADVANCEMENT PROGRAM | : | |
| KIMBERLY WETZEL | : | |
| c/o IFCA | : | |
| G.S.B. Building    : | | |
| Belmont & City Line Avenues Suite 710 | : | |
| Bala Cynwyd, PA  19004 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| BRIDGES CONSTRUCTION, INC. a/k/a | : | |
| Bridges Contracting a/k/a Bridges Contracting, Inc. | : | |
| 931 N. Watts St. #33 | : | |
| Philadelphia, PA 19123 | : | |

:

Defendant        :        NO.

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§185(a), 1132 and 1145.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary

of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or

1132(e)(2).

## PARTIES

4.      Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters

Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and

Vicinity, Carpenters Joint Apprentice Committee and the National Apprenticeship and Health and

Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee"

and "NAHS") are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and

"employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.      Plaintiff Interior Finish Contractors Association of Delaware Valley Industry

Advancement Program ("IAP") is a fund established by the Interior Finish Contractors Association for

the purpose of fostering and advancing the interests of the construction industry in the Philadelphia

Metropolitan Area.

6.     Plaintiff Carpenters Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

7.     Plaintiff Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

8.     The Pension Fund, Welfare Fund, Savings Fund, Apprentice Committee, IAP, PAC and NAHS (collectively "Funds") and the Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

9.     Plaintiff Edward Coryell ("Coryell") is a trustee and fiduciary with respect to the Welfare Fund, Pension Fund and Apprentice Committee within the meaning of 29 U.S.C. §1002(21) with a business address as listed in the caption.  He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund and Apprentice Committee.  Coryell is chairman of the PAC and Executive Secretary - Treasurer of the Union and is authorized to bring this action on behalf of the PAC and Union to collect all monies due and owing to them, including job recovery dues.

10.     Plaintiff Kimberly Wetzel ("Wetzel") is the Executive Director of the Interior Finish Contractors Association of Delaware Valley.  She is authorized to bring this action on behalf of the IAP.  Wetzel maintains a business address as listed in the caption.

11.     Defendant Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

12.     At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

13.     The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds, as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

14.     Under the Labor Contract or Trust Agreements, the Company agreed:

(a)     To make full and timely payments on a weekly basis to the Funds and Union, as required by the Labor Contract;

(b)     To file weekly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c)     To produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to

the Funds and Union; and

(d)    To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### FUNDS AND UNION

### v.

### COMPANY

15.    The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16.    Based upon presently available information, the Company owes the Funds and Union at least the sum of $7,413.85 due under the Labor Contract or Trust Agreements.

17.    The Company has not paid the Funds and Union as required by the Labor Contract or Trust Agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1)    Enter judgment against the Company in favor of the Funds and Union for at least $7,413.85 plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

## FUNDS

## v.

## COMPANY

18.    The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

19.    Based upon presently available information, the Company has failed to pay at least the sum of $7,413.85 to the Funds in violation of 29 U.S.C. §1145.

20.    The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court.

(1)    Enter judgment against the Company and in favor of the Funds for at least $7,413.85 plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III  AUDIT

## FUNDS

### v.

## COMPANY

21.    The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

22.    The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds and Union.

23.    The amount of contributions the Company is required to pay to the Funds and Union is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

24.    The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

25.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

26.    The Company has not submitted all of the contractually-required remittance reports nor has a complete  audit been done of the Company's books and records.

27.    The Company is required by the Labor Contract, Trust Agreements or applicable law

to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

28. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

29. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary of appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS AND UNION

### v.

### COMPANY

30. The allegations of Paragraphs 1 through 14 and 22 through 29 are incorporated by reference as if fully restated.

31. On information and belief, the Company has failed to make contributions to the Funds and Union as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

32. On information and belief, the Funds and Union have been damaged by the failure of the

Company to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    After an audit, enter judgment against the Company in favor of the Funds and Union individually for the amount of contributions found to be due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

<u>**COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT**</u>

**FUNDS**

**v.**

**COMPANY**

33.    The allegations of Paragraphs 1 through 14 and 22 through 29 are incorporated by reference as if fully restated.

34.    On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

35.    The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

36.    On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

JENNINGS SIGMOND

BY:_____
     RICHARD J. DeFORTUNA (ID NO. 86260)
     SANFORD G. ROSENTHAL (ID NO. 38991)
     The Penn Mutual Towers, 16th Floor
       510 Walnut Street
       Philadelphia, PA 19106-3683
       (215) 351-0611/0674

       Attorneys for Plaintiffs

Date:_____

99988-1                                              12