IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| BRIDGES CONSTRUCTION, INC. a/k/a BRIDGES CONTRACTING a/k/a BRIDGES CONTRACTING, INC., | : : : : | |
| Defendant | : | NO. 02-CV-3262 |

**MOTION FOR JUDGMENT BY DEFAULT BY THE COURT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)
AGAINST DEFENDANTS BRIDGES CONSTRUCTION, INC. A/K/A
<u>BRIDGES CONTRACTING A/K/A BRIDGES CONTRACTING, INC.</u>**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee and the National Apprenticeship and Health and Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee" and "NAHS"), Interior Finish Contractors Association of Delaware Valley Industry Advancement Program ("IAP"), Carpenters Political Action Committee ("PAC"), Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union"), Edward Coryell and Kimberly Wetzel, respectfully move this Court, pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter default judgment in favor of the Funds and against Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. ("Defendant") for unpaid contributions, contractual liquidated damages, interest and attorneys' fees and costs incurred by the Funds pursuant to 29 U.S.C. §§1132(g)(2)(A)-(D).

101944-1

In support of this Motion, the Funds rely upon the allegations in their Complaint, the Declaration of Piotr Tonia[1] and the Declaration of Richard J. DeFortuna, Esquire[2].

The grounds for this Motion are as follows:

1. Prior to the commencement of this action, the Funds attempted to resolve this delinquency in an amicable manner.

2. The requested payments were not received and on or before May 28, 2002, the Complaint in this matter was filed. The Complaint was served on the Defendant on June 10, 2002, as appears from the Affidavit of Service filed with the Court.

3. No Answer to the Complaint was filed by the Company.

4. On or about July 10, 2002, Plaintiffs filed a Request to Clerk to Enter Default against the Company pursuant to Fed.R.Civ.Pro. 55(a) and mailed a copy first class mail, postage prepaid to the Company.

5. The Company is not an infant nor incompetent person.

**WHEREFORE**, Plaintiffs seek the following relief:

(a) Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

---

[1] The Declaration of Piotr Tonia ("Tonia Declaration") is attached to this Motion as Exhibit 1. The exhibit referenced in the Tonia Declaration is attached as Exhibit 2.

[2] The exhibit referenced in the DeFortuna Declaration is attached to this Motion as Exhibit 3.

(b) Such other and further relief as the Court deems just, necessary and appropriate.

        Respectfully submitted,

        JENNINGS SIGMOND

Dated August 22, 2002        BY: s/ Richard J. DeFortuna
        SANFORD G. ROSENTHAL (ID NO. 38991)
        RICHARD J. DEFORTUNA (ID NO. 86260)
        The Penn Mutual Towers, 16th Floor
        510 Walnut Street
        Philadelphia, PA  19106-3683
        (215) 351-0623/0674

        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| BRIDGES CONSTRUCTION, INC.  a/k/a BRIDGES CONTRACTING  a/k/a BRIDGES CONTRACTING, INC., | : : : : | |
| Defendant | : | NO. 02-CV-3262 |

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANTS BRIDGES CONSTRUCTION, INC. A/K/A BRIDGES CONTRACTING A/K/A BRIDGES CONTRACTING, INC.**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee and the National Apprenticeship and Health and Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee" and "NAHS"), Interior Finish Contractors Association of Delaware Valley Industry Advancement Program ("IAP"), Carpenters Political Action Committee ("PAC"), Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union"), Edward Coryell and Kimberly Wetzel, by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default.

Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. ("Defendant") is party to a collective bargaining agreement ("Agreement") with the Metropolitan Regional Council of Philadelphia and Vicinity affiliated with the United

101944-1

Brotherhood of Carpenters and Joiners of America (Tonia Declaration, ¶8; Exh. 2). The Agreement provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Agreement (Exh. 2 at Arts. 5, 16, 17, 18, 22 and 28). These contributions must be received by the Funds no later than the fifteenth (15th) day of the month following the month in which the work was performed (Exh. 2 at Art. 19, Sec. 4(B)). Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds (Exh. 2 at Art. 19, Secs. 4(A), 5). Under the Agreement, the Funds also have the right to audit the employer's payroll books and related records to determine that all required contributions have been paid (Exh. 2 at Art. 19, Sec. 11).

The Company has failed to submit contributions or remittance reports for the months of August 2001 through the present date (Tonia Decl., ¶9). A precise determination of additional amounts owed to the Funds by Company can not be made without an audit of Company's payroll and related records (Tonia Decl., ¶11). To date, no audit has been performed (Tonia Decl., ¶10).

As a result of the Defendants' failure to submit the required payments this lawsuit was instituted on or about May 28, 2002. Service of the Complaint and Summons was made on the Defendants on June 10, 2002. The Defendant failed to file an answer or other responsive pleading within 20 days of service. Plaintiffs filed a Request to Clerk to Enter Defaults pursuant to Fed. R. Civ. Pro. 55(a) on or about July 10, 2002. To date, Plaintiffs have incurred $4,895.32 in attorneys' fees and costs. (DeFortuna Declaration, ¶3).

## **ARGUMENT**

A. **ENTRY OF JUDGMENT AGAINST DEFENDANT FOR UNPAID CONTRIBUTIONS, INTEREST, STATUTORY LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

The Defendant is a party to a collective bargaining agreement ("Agreement") with the Metropolitan Regional Council, United Brotherhood of Carpenters and Joiners of America (Exh. 2). Under the Agreement, the Defendant is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees (Exh. 2 at Arts. 5, 16, 17, 18, 22 and 28). The Agreement sets forth the rate of contribution and the method for calculating the total amount of contributions due to the Funds (Exh. 2 at Art. 5(a), Art. 16, Secs. 1 and 2; Art. 17, Secs. 1 and 2; Art. 18 , Sec. 1; Art. 22, Sec. 1; Art. 28, Secs. 1 and 2). The Agreement also sets forth the time period within which these contributions are to be paid to the Funds (Exh. 2 at Art. 5(a); Art. 16, Sec. 1; Art 17; Sec. 1; Art. 18, Sec. 2; Art. 19, Sec. 4(B); Art. 22, Sec. 2; Art. 28, Sec. 1). Finally, the Agreement requires the Defendant to allow the Funds' auditors to review all records they reasonably deem necessary to making a determination that all required contributions have been paid (Exh. 2 at Art. 19, Sec. 11).

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan... under the terms of a collectively bargained agreement shall...make such contributions in accordance with...such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment under Section 515 is entered in the Funds' favor:

  (A)  the unpaid contributions,

  (B)  interest on the unpaid contributions,

  (C)  an amount equal to the greater of:

    (i)  interest on the unpaid contributions; or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

  (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

The failure of the Defendant to comply with its contractual and statutory obligations results in a substantial adverse impact on the Funds' ability to meet their legal obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide benefits and pension credits to the Defendants' employees who are otherwise eligible to receive them, 29 C.F.R. 2530-200b-2(a)(1) and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d 1122 (8th Cir. 1981). The Funds are required to provide these benefits and credits regardless of whether the Defendant makes the contributions. For example, if a covered employee of the Defendants has incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expenses despite not receiving contributions from the Defendant. Similar requirements exist with respect to the Pension Fund's obligation to credit hours for retirement benefits. The result is a significant drain on the resources of the Funds.

Additionally, when an employer fails to remit its contributions the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health and welfare benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only the Defendant's employees, but to employees of companies that have complied with their contractual obligations.

Given the clear language of the contract and obligations mandated by ERISA, this Court should not only enter judgment in the Funds' favor but order Defendant to pay the contributions, contractual liquidated damages, interest and attorneys' fees and costs which it owes.

**B.    THE COMPANY SHOULD BE ORDERED TO PRODUCE ITS RECORDS FOR AN AUDIT AND PAY ANY ADDITIONAL AMOUNTS FOUND TO BE DUE AND OWING**

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information.

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employers, the Funds have the right to review all of the employers records that relate to its contributory obligation. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Funds' auditors to review these records upon request. Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994). Here, the Agreement obligates the

Defendant to allow the audit (Exh. 2, Art. 19; Sec. 11). The scope of records subject to review is broad, and include those records the auditors reasonably deem necessary to conduct the audit. DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989). In addition to the routine payroll records (e.g. time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns. Id.

An audit is necessary in this case in order to ensure that the Defendants have submitted correct remittance reports (Tonia Decl., ¶¶10,11). The employer's obligations under the Agreement and 29 U.S.C. §1145 mean nothing if the Funds' can not insure compliance through an audit. The Court should order the Defendant to produce their records for an audit so that a precise determination of the amount owed can be made. Upon completion of the audit, the Court should enter a further judgment against the Defendant for all additional amounts found to be due and owing under the Agreement and ERISA.

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Funds the relief requested in the Motion for Default Judgment.

                Respectfully submitted,

                JENNINGS SIGMOND

Dated: August 22, 2002        BY: s/ Richard J. DeFortuna
                                      SANFORD G. ROSENTHAL (ID NO. 38991)
                                      RICHARD J. DEFORTUNA (ID NO. 86260)
                                      The Penn Mutual Towers, 16th Floor
                                      510 Walnut Street
                                      Philadelphia, PA  19106-3683
                                      (215) 351-0623/0674
                                      Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| BRIDGES CONSTRUCTION, INC. a/k/a BRIDGES CONTRACTING a/k/a BRIDGES CONTRACTING, INC., | : : : : | |
| Defendant | : | NO. 02-CV-3262 |

### DECLARATION OF RICHARD J. DeFORTUNA ESQUIRE

RICHARD J. DeFORTUNA, Esquire, declares:

1. I am an attorney with the law firm of Sagot, Jennings & Sigmond and principally responsible for the prosecution of this lawsuit.

2. Attached to the Motion as Exhibit 4 is a billing list showing all work performed by the offices of Jennings Sigmond, P.C., and related costs in connection with the attempt to obtain records for an audit and to collect contributions at issue in this action through August 20, 2002. The computerized listing is prepared from contemporaneous attorney time and expense records, the originals of which are maintained in the regular business records of Jennings Sigmond, P.C. The identity of those performing services connected with this matter are:

| **INITIALS** | **NAME** | **TITLE** |
|---|---|---|
| KJF | Keith J. figured | Attorney |
| RJD | Richard J. DeFortuna | Attorney |
| SGR | Sanford G. Rosenthal | Attorney |
| CTM | Catherine T. Morton | Paralegal |

101944-1

3. Based upon my review of Exhibit 4, the Funds have incurred attorneys' fees and costs of $4,895.32.

4. I have executed this Declaration in support of Plaintiffs Motion for Default Judgment against Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc., and request this Court to consider the same as proof in support the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

> Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 22, 2002                s/ Richard J. DeFortuna
                                            RICHARD J. DeFORTUNA, ESQUIRE

## **CERTIFICATE OF SERVICE**

I, RICHARD J. DeFORTUNA, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. was served by mailing same first class mail, postage prepaid on the date listed below:

Bridges Construction, Inc.
a/k/a Bridges Contracting
a/k/a Bridges Contracting, Inc.
931 N. Watts Street #33
Philadelphia, PA 19123

s/Richard J. DeFortuna
RICHARD J. DeFORTUNA, ESQUIRE

Date: August 22, 2002

THIS DOCUMENT HAS BEEN EELCTRONICALLY FILED AND IS AVAILABLE FOR
VIEWING AND DOWLOADING FROM THE ECF SYSTEM

101944-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| BRIDGES CONSTRUCTION, INC. a/k/a BRIDGES CONTRACTING a/k/a BRIDGES CONTRACTING, INC., | : : : : | |
| Defendant | : | NO. 02-CV-3262 |

**ORDER AND JUDGMENT BY DEFAULT AGAINST
DEFENDANTS BRIDGES CONSTRUCTION, INC. A/K/A
<u>BRIDGES CONTRACTING A/K/A BRIDGES CONTRACTING, INC.</u>**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee and the National Apprenticeship and Health and Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee" and "NAHS"), Interior Finish Contractors Association of Delaware Valley Industry Advancement Program ("IAP"), Carpenters Political Action Committee ("PAC"), Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union"), Edward Coryell and Kimberly Wetzel, it appears to the Court that Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. ("Defendant"), was served with process on June 10, 2002 and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Company having been entered, it is ORDERED:

101944-1

1. Judgment is entered against Defendant and in favor of Plaintiffs in the amount of $12,646.61 including:

 (a) Unpaid contributions and liquidated damages under 29 U.S.C. §1132(g)(2) and 185(a) in the amount of $7,413.85.

 (b) Interest through August 31, 2002 as provided by 29 U.S.C. §1132(g)(2) and 26 U.S.C. §6621 in the amount of $337.44.  The amount in Paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

 (c) Attorneys' fees and costs incurred in the collection and enforcement of this judgment in the amount of $4,895.32 incurred through August 22, 2002 in accordance with 29 U.S.C. §1132(g)(2)(D).  Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment.

2. Within forty-eight (48) hours of a request by the Administrator of the Funds or his designated representative, the Company will make available to the Administrator or his designated representative all payroll books and records necessary for the Funds to ascertain the precise amount of delinquent contributions due and owing for all relevant periods.

3. Within fifteen (15) days from the entry of this Order, the Company will submit any and all overdue remittance reports and contributions to Piotr Tonia, Benefits Coordinator, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, 1803 Spring Garden Street, Philadelphia, PA 19130.

4. Within a reasonable time after completion of the inspection of the payroll books and records and the receipt of overdue remittance reports, the Funds, will file with the Court and serve upon Company an itemized and verified list of all delinquent contributions, liquidated

damages, interest, attorneys' fees, costs and expenses. Absent objection within five (5) business days of service upon the Defendant, the Court will enter final judgment in favor of the Funds and against the Company as requested in the filed statement. In the event of an objection, the Court will determine the need for a further hearing.

5. The Funds are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in Paragraph 4 above.

6. If further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in Paragraph 1(c) above.

7. ORDERED that the Pension shall have the right to conduct future audits of for all relevant periods, including the time periods covered by this judgment in favor of the Pension Fund and against Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc., its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall be and are hereby retrained and enjoined from failing and refusing to submit to such audits by certified public accounts selected by the Pension Fund and shall produce all books and records requested by the creditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits, and by other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc. shall pay to the Pension Fund any additional amounts found owing, plus such other amounts as set forth in the

collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA and applicable law.

       8.    This Order and Judgment is enforceable, without duplication, by one or more of the Funds, jointly and severally, or their agents.

BY THE COURT

Date: _____      By: _____
                                                JOHN R. PADOVA                  J