IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| BRIDGES CONSTRUCTION, INC. a/k/a BRIDGES CONTRACTING a/k/a BRIDGES CONTRACTING, INC., | : | |
| Defendant | : | NO. 02-CV-3262 |

## DECLARATION OF PIOTR TONIA

Piotr Tonia states under penalty of perjury that the following is true and correct:

1. My name is Piotr Tonia and my business address is Carpenters Health and Welfare Fund of Philadelphia and Vicinity, 1803 Spring Garden Street, Philadelphia, PA 19130.

2. I am the Collections Manager for the Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Joint Apprenticeship Committee of Philadelphia and Vicinity, and Carpenters Political Action Committee of Philadelphia and Vicinity ("Funds") and am authorized to make this Declaration on behalf of the Funds.

3. I have a Bachelor of Science Degree with a major in Accounting from Elizabethtown College. I have been employed by the Funds since January 5, 1998. From January 5, 1998 to March 31, 1999, I was a Collections Clerk. On April 1, 1999, I was appointed Collections Manager. I am trained and experienced in the audit of employer records with respect to contributions due employee benefit plans and the interpretation of collective bargaining agreements requiring such contributions.

EXHIBIT 1

101944-1

4. As Collections Manager of the Funds, I am charged with keeping and maintaining records of contributions received by the Funds; maintaining individual records of each person, firm and corporation required to make such contributions to the Funds; and, supervising audits of contributing employers.

5. The Funds audit employers in connection with delinquency collection lawsuits. In performing these audits, the auditor reviews the payroll records of each employee who performs work of the type covered by the collective bargaining agreement. These records will include time cards, payroll ledgers, payroll summaries, time slips, or such other payroll records as the company maintains which will indicate the number of hours that each individual employee worked and was paid for each week. The information gathered from these records is then compared to the wage information found on the employer federal, state and municipal tax returns and on the W-2 statements provided to the employees. After compiling the information gathered from the above records, a schedule of the contributions that should have been paid according to the contract is prepared. This schedule, which is broken down month by month, is then compared to the actual contributions which the Company did submit to the Funds with any differences noted. Once completed, the audit conclusions, as well as the audit work papers, are forwarded to the company for its review and payment.

6. I have personal knowledge of the contents of the collective bargaining agreements, and the Agreements and Declarations of Trust referenced in the Funds' Complaint previously filed in this case.

7. The Funds, as part of their normal operating procedure, maintain files containing copies of all remittance reports submitted by contributing employers, and all correspondence sent to the Company from the Funds. Additionally, records are maintained of all contributions which

101944-1

are paid to the Funds by each contributing employer. This file indicates the name of the contributing employer, his account number with the Funds, the amount paid, the date it was paid and the month or months to which the payment was credited. The Funds' records also include the names and social security numbers of each covered employee employed by that employer.

8. My review of the regular business records maintained by the Funds reveals that Defendant, Bridges Construction, Inc. a/k/a Bridges Contracting a/k/a Bridges Contracting, Inc., became signatory on July 24, 1998 to a collective bargaining agreement ("Agreement") with the Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America. True and correct copies of the Agreements are attached to the Motion as Exhibit 2.

9. The Company has failed to submit all required remittance reports and/or failed to submit all required payments with the remittance reports it has submitted in the period January 1999 to the present.

10. The Funds are unable to determine the precise amount the Company owes to the Funds. The Funds undertook to perform an audit of the Company's records. However, despite the auditor's request, the Company has refused to produce all records needed by the auditor. These records include the cash disbursements journal and general ledger, check registers for all accounts and cancelled checks, job/project contracts and time records showing employees and hours worked on each project, unemployment quarterly returns for Pennsylvania which detail by employee wages paid and the Form 941 federal quarterly returns.

11. As a result of the Company's failure to produce all records needed to complete the audit, it would be imprecise, and not in accordance with prudent accounting practices to estimate

101944-1

or determine the additional amount of unpaid contributions and liquidated damages due and owing to the Funds without an audit.

12. I have executed this Declaration in Support of Plaintiffs' Motion for Default Judgment against Defendant and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
PIOTR TONIA

Executed on: 8/22/02

101944-1